UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHNEY FREEMAN,

    Petitioner,

v.                                      Case No. 5:03-cv-41-Oc-10GRJ

WARDEN, USP COLEMAN,

    Respondent.

_____

## ORDER DENYING PETITION

Petitioner, a prisoner at USP Coleman, initiated this case by filing a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) challenging the BOP's execution of his sentence. The Respondent filed a Response (Doc. 18) conceding that Petitioner exhausted his administrative remedies and contending that the Petition should be denied. The Court subsequently permitted Petitioner to file a supplement to the Petition (Doc. 23) which the Respondent also opposes (Doc 25), and this case is now ripe for determination.

## Facts Underlying Petition

The facts underlying the Petition that are relevant to this decision are not in dispute. On November 21, 1988, Petitioner was sentenced in the United States District Court for the Eastern District of Virginia for several offenses. Petitioner received a life sentence under the Sentencing Reform Act of 1984 (SRA) ("new law") for a violation of 21 U.S.C. § 848, Continuing Criminal Enterprise (CCE), which was

charged in Count 2 of Petitioner's indictment. The SRA applies to offenses completed on or after November 1, 1987, but before September 13, 1994. According to a BOP review of the sentencing court's record, including Petitioner's presentence report (PSR), the sentencing court found that Petitioner's CCE offense continued until May 1988. See Pet. Resp. Exh. E. Petitioner also received "old law" (offense completed before November 1, 1987) sentences for violations of 21 U.S.C. § 841(a)(1) & (b) and 18 U.S.C. § 2, distribution of cocaine, as charged in Count 7 (15 years), 20 (15 years), 27 (15 years), & 40 (20 years) of Petitioner's indictment. See Exh. B to Pet. Resp. (Petitioner's criminal judgment). The sentencing court's judgment states that "SENTENCES as to COUNTS 40, 7, 20 and 27 are to run concurrently, one with the other and consecutively with sentence imposed in Count 2. (TOTAL SENTENCE: Life plus 20 years.)" Id.

Despite the language in the judgment, the BOP initially computed Petitioner's sentence as commencing on November 21, 1988, with the 20-year "old law" concurrent sentences which had the effect of making the "new law" life sentence consecutive to the "old law" sentence. See Pet. Resp. Exh. C., E. The consequence of this error was that the BOP granted Petitioner statutory good time (SGT) and extra good time (EGT) credits which were only available to Petitioner because Petitioner was deemed to be serving his "old law" sentence first. Under the "old law" rules a prisoner may earn such credits even when he is subject to a life sentence because although there is no mandatory release date from which to deduct

the credit "the possibility exists that the sentence may be reduced or commuted to a definite term." 28 C.F.R. § 523.17(f). In contrast, Petitioner's "new law" life sentence is ineligible for such credits. See 18 U.S.C. §§ 3624(b) and 4161.

The BOP did not recognize the error until some 10 years after Petitioner's sentences commenced. See Pet. Resp. Exh. C and E. At that time, the BOP recomputed Petitioner's sentence with the SRA life sentence starting first and the 20-year "old law" sentence being placed as a detainer to the life sentence, and Petitioner's time credits were withdrawn. See id.

### Petitioner's Claims

Petitioner argues that he is entitled to the restoration of over 1300 vested time credits earned over more than nine years, which the BOP "arbitrarily, capriciously, and improperly" withdrew. Petitioner contends that he has been deprived of his liberty interest in the accrued time credits, which were awarded to him by the BOP in accordance with its determination that his "old law" sentence commenced first. Petitioner relies on BOP regulation 28 C.F.R. § 523.20(q), which provides that EGT becomes vested when it is awarded and may not be terminated. Petitioner argues that the BOP should be estopped from withdrawing his time credits. Petitioner challenges the determination that his life sentence falls under the SRA, asserting that the CCE offense did not continue past the effective date of the SRA and that the PSR does not support such a determination. In his Supplement to the Petition (Doc.

23), Petitioner asserts that he is also entitled to relief under § 2241 because his jury instructions did not comply with Richardson v. United States, 526 U.S. 813 (1999).

The Respondent counters that the BOP is bound to execute the sentence in accordance with the judgment entered by the sentencing court notwithstanding its initial error. The Respondent argues that the sentencing court's determination that the CCE offense fell within the SRA is not subject to attack under § 2241. Finally, the Respondent contends that Petitioner is not entitled to relief on his Richardson claim because the claim does not bring Petitioner within the § 2255 "savings clause."

## **Discussion**

It is well established that the BOP is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement.[1] This responsibility necessarily includes the application of various statutory provisions that provide the awarding, disallowing and vesting of certain statutory, good time, and other credits.[2] However, the BOP can only administer such sentence as the district court has imposed, and the modification of a sentence is solely within the purview of the sentencing court. See 18 U.S.C. § 3582. Petitioner does not argue that the BOP was authorized to reverse the order of the sentences imposed by the district court. Petitioner has provided no authority

---

[1] United States v. Wilson, 503 U.S. 329, 335 (1992) ( "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence").

[2] See id.

for the proposition that the BOP had any alternative but to correct the error in its administration of Petitioner's sentence upon discovery of the error.

By the unambiguous terms of the sentence, Petitioner was not entitled to receive the sentence credits that he was awarded because the "new law" life sentence that was to commence first was ineligible for such credits. The Court is not persuaded by Petitioner's argument that the BOP should be estopped from withdrawing the credits that were awarded erroneously. "To establish a claim for equitable estoppel against the government, the party seeking to establish estoppel must prove, in addition to the traditional elements of estoppel, some affirmative misconduct by the government. The Supreme Court repeatedly has said that the government cannot be estopped on the same terms as a private party, if the government can ever be estopped."[3] There is nothing in the record to suggest that the BOP's error amounted to any misconduct. In the same vein, Petitioner had no due process liberty interest in the erroneously-awarded credits because the terms of his sentence plainly precluded the awarding of such credits.

Petitioner's argument that his life sentence should not have been imposed as a "new law" sentence and his Richardson claim are both attacks on the validity of his sentence rather than the means of execution. Petitioner concedes that he has been denied relief under § 2255 in the sentencing court. Thus, the filing of a motion under

---

[3] Tefel v. Reno, 180 F.3d 1286, 1303 (11th Cir. 1999) (citing Heckler v. Community Health Serv. of Crawford, 467 U.S. 51, 60 (1984)).

§ 2255 raising these claims would be barred as a successive petition. See 28 U.S.C. § 2255. However, under these circumstances Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that claims such as these "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief[.]"

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the unavailability of relief under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar does not demonstrate that the § 2255 remedy is inadequate or ineffective.[4] Further, to obtain relief under § 2241 on such claims, the Petitioner must also demonstrate "actual innocence."[5]

Petitioner cites no authority establishing that he is entitled to consideration of his "new law/old law" sentencing claim in this proceeding by way of the savings clause. As to his Richardson claim, the Eleventh Circuit has held that such a claim

---

[4] Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

[5] Bousley v. United States, 523 U.S. 614, 623 (1998).

is not the type of defect that opens the portal to a § 2241 proceeding and at most amounts to a showing of legal, not factual, innocence.[6]

## Conclusion

For the foregoing reasons, the Petition is **DENIED.** The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 30th day of March 2006.

_____
UNITED STATES DISTRICT JUDGE

c: Johney Freeman
   Counsel of Record

---

[6] See Sawyer v. Holder, 326 F.3d 1363, 1365-67 (11th Cir. 2003) (Richardson jury-instruction claim does not open portal to § 2241 proceeding, and does not amount to showing of factual innocence).